603 So.2d 1175 (1992)
STANDARD JURY INSTRUCTIONS  CRIMINAL CASES NO. 92-1.
No. 79320.
Supreme Court of Florida.
July 2, 1992.
Harry Lee Coe III, Chair, Committee on Standard Jury Instructions (Criminal), Tampa, for petitioner.
PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions (Criminal) has submitted recommended amendments to the Florida Standard Jury Instructions in Criminal Cases. The explanatory portion of the report is quoted below:
 REPORT (NO. 92-1) OF THE COMMITTEE
 ON STANDARD JURY INSTRUCTIONS
 (CRIMINAL)
TO THE CHIEF JUSTICE AND JUSTICES OF THE SUPREME COURT OF FLORIDA:
Your Committee on Standard Jury Instructions (Criminal) recommends that The Florida Bar be authorized to publish amendments to FLORIDA STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES. The proposed additional instructions and revised instructions are attached.
After the title of each instruction, a parenthetical description of the proposal is given. The proposal is described as "(Amended)," "(Revised)," or "(New)." "Amended" means that the wording is not substantially revised; the added words are underlined and the deleted words have strike-overs. "Revised" means that the language has changed substantially and that no attempt is made to show the changes with underlines and strike-overs. "New" means that the instruction is based on a statute for which no current instruction exists. Short explanations also follow each proposal.
Some of the proposed instructions were published on April 15, 1989. Those proposals along with many new proposals were published in the February 15, 1991, Bar News.

No responses were received to the first publication. Two letters in response to the second publication were received. The committee has considered the responses and has amended its proposals to conform substantially to the suggestions made.
A few of the committee's suggested changes have not been published in the Bar News. To allow all interested parties a final opportunity to review the proposals, the committee is asking The Florida Bar to publish a notice that amendments have been filed, that a copy of this report can be obtained at cost for review, and that comments should be submitted by March 15, 1992, to the court.
A copy of this report also is being sent to the presidents or chairs of the Florida Prosecuting Attorneys Association, the Florida Public Defenders Association, the jury instructions subcommittee of the Criminal Law Section of The Florida Bar, and the Conference of Circuit Court Judges.
One of the committee's recommendations pertained to the instruction on excusable homicide. The so-called short-form instruction on this subject is found in the introduction to homicide on pages 61 and 62 of the manual, and the so-called long form is found on page 76 of the manual. The current instructions provide that the short *1176 form shall be read in all murder and manslaughter cases, and that the long form shall also be read whenever excusable homicide is an issue in the case. The committee concludes that the long form as last amended in State v. Smith, 573 So.2d 306 (Fla. 1990), is incorrect because it requires under all three of the alternative circumstances that the killing be committed by accident and misfortune. The committee believes that a killing upon sudden combat without any dangerous weapon being used and not done in a cruel and unusual manner need not have occurred by accident and misfortune and has recommended an instruction to this effect. The committee suggests that its recommended instruction replace both the current short- and long-form instructions and that the new instruction not be given where there is no basis for it in the evidence. We respectfully disagree with the committee's recommendation on this subject.
Section 782.03, Florida Statutes (1991), reads as follows:
782.03 Excusable homicide.  Homicide is excusable when committed by accident and misfortune in doing any lawful act by lawful means with usual ordinary caution, and without any unlawful intent, or by accident and misfortune in the heat of passion, upon any sudden and sufficient provocation, or upon a sudden combat, without any dangerous weapon being used and not done in a cruel or unusual manner.
We believe the most logical interpretation of this language is as follows:
Homicide is excusable when committed (1) by accident and misfortune in doing any lawful act by lawful means with usual ordinary caution, and without any unlawful intent, or (2) by accident and misfortune
(a) in the heat of passion upon any sudden and sufficient provocation, or
(b) upon a sudden combat without any dangerous weapon being used and not done in a cruel and unusual manner.
Thus, a killing which results from sudden combat must have been committed by accident and misfortune. This view is supported by logic as well as the language of the statute. We do not believe the legislature would have intended to always excuse a homicide that occurred during sudden combat so long as a dangerous weapon was not used and it was not done in a cruel or unusual manner. If this were so, anyone who became involved in a fight and later purposefully killed his opponent would be excused if he did not use a dangerous weapon and did not do the killing in a cruel and unusual manner. We interpret the sudden combat exception to protect a person who becomes involved in a fight which accidentally leads to the death of the other party.
Furthermore, we do not concur with the committee's suggestion that no portion of the excusable homicide instruction need be read when it has no basis in the evidence. We say this because Florida case law has consistently held that manslaughter is a residual offense which cannot be properly defined without an explanation that justifiable homicide and excusable homicide are excluded from the crime. Rojas v. State, 552 So.2d 914 (Fla. 1989); Hedges v. State, 172 So.2d 824 (Fla. 1965). Because a manslaughter instruction will have to be given in every homicide case, the instruction on excusable homicide will also have to be included. We do, however, concur with the committee's suggestion that only one instruction on excusable homicide need be given rather than both the current short and long forms.
Therefore, we hold that the following instruction on excusable homicide shall be given in every homicide case in place of the short form now found on pages 61 and 62 of the manual.
EXCUSABLE HOMICIDE
The killing of a human being is excusable and therefore lawful, under any one of the following three circumstances:
1. When the killing is committed by accident and misfortune in doing any lawful act by lawful means with *1177 usual ordinary caution and without any unlawful intent, or
2. When the killing occurs by accident or misfortune in the heat of passion, upon any sudden and sufficient provocation, or
3. When the killing is committed by accident and misfortune resulting from a sudden combat, if a dangerous weapon is not used and the killing is not done in a cruel or unusual manner.
"Dangerous weapon" is any weapon that, taking into account the manner in which it is used, is likely to produce death or great bodily harm.
Because this instruction will adequately cover the subject even when excusable homicide is an issue in the case, the long-form instruction now found on page 76 of the manual need not be given and shall be eliminated. The new pages 61 and 62 are included in the appendix to this opinion as pages A-10 and A-11 in lieu of the amendment to the long-form instruction on excusable homicide proposed by the committee.
All of the other recommendations of the committee, which are included in the appendix to this opinion, are approved for publication. We caution all interested persons, however, that the notes and comments reflect only the opinion of the committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. We wish to express our appreciation to the committee for its dedication in presenting to the Court its comprehensive recommendations.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.

*1178 APPENDIX

2.04(c) DEFENDANT TESTIFYING (Amended)

Give if The defendant in this case has become a witness. You should
defendant apply the same rules to consideration of [his] [her] testimony
requests that you apply to the testimony of the other witnesses.

Explanation of amendments: This instruction is on page 18 of the manual. The note in the margin is being removed because the committee believes that this instruction should be given any time the defendant testifies.
Feminine pronouns have been added to this and the other proposed instructions to avoid gender bias.

[Page A-1]

*1179
 MISCELLANEOUS INSTRUCTIONS
 3.01 PRINCIPALS (Amended)
F.S. 777.011 If two or more persons help each other [commit] [attempt to
 commit] a crime and the defendant is one of them, the
 defendant is a principal and must be treated as if [he] [she]
 had done all of the things the other person or persons did if
 the defendant:
 1. Knew what was going to happen,
 2. Intended to participate actively or by sharing in an
 expected benefit and
 3. Actually did something by which [he] [she] intended to
 help [commit] [attempt to commit] the crime.
 "Help" means to aid, plan or assist.
See State v. To be a principal, the defendant does not have to be
Dene, present when the crime is [committed] [or] [attempted].
533 So.2d 265
(Fla. 1988)
Note to Omit last sentence when felony murder is charged.
Judge

Explanation of amendments: This instruction is from page 32a of the manual. The note to judge is obsolete in light of State v. Dene.

[Page A-2]

*1180
 3.01(a) PRINCIPALS  WHEN ACTIVE PARTICIPANT HIRED BY
 DEFENDANT (Amended)
F.S. 777.011 If the defendant paid or promised to pay another person or
 persons to [commit] [attempt to commit] a crime, the defendant
 is a principal and must be treated as if [he] [she] had done
 all of the things the person who received the money did if:
 1. The defendant knew what was going to happen,
 2. [He] [She] made or promised the payment in exchange for
 the commission or promise to commit the crime or to help
 commit the crime and
 3. The [crime] [attempt] was committed by (co-conspirator).
Note to Omit last sentence when felony murder is charged.
Judge
See State v. To be a principal, the defendant does not have to be
Dene, present when the crime is [committed] [or] [attempted].
533 So.2d 265
(Fla. 1988)

Explanation of amendments: This instruction is from page 33 of the manual. The note to judge is obsolete in light of State v. Dene.

[Page A-3]

*1181
 3.04(e) JUSTIFIABLE USE OF NONDEADLY FORCE
 (Amended)
Note to Since there are many defenses applicable to self-defense,
Judge give only those parts of the instructions that are required by
 the evidence.
Read in all An issue in this case is whether the defendant acted in
cases self-defense. It is a defense to the offense with which
 (defendant) is charged if the [injury to] (victim) resulted
 from the justifiable use of force not likely to cause death
 or great bodily harm.
In defense of (Defendant) would be justified in using force not likely to
person F.S. cause death or great bodily harm against (victim) if the
776.012 following two facts are proved:
Give if 1. (Defendant) must have reasonably believed that such
applicable conduct was necessary to defend ([himself)], [herself]
 ([another)], against (victim's) imminent use of unlawful
 force against the [defendant] ([other person)].
 2. The use of unlawful force by (victim) must have appeared
 to (defendant) ready to take place.
In defense of (Defendant) would be justified in using force not likely to
property F.S. cause death or great bodily harm against (victim) if the
776.031 following three facts are proved:
Give if 1. (Victim) must have been trespassing or otherwise
applicable wrongfully interfering with land or personal property.
 2. The land or personal property must have lawfully been
 in (defendant's) possession, or in the possession of a
 member of [his] [her] immediate family or household, or
 in the possession of some person whose property [he]
 [she] was under a legal duty to protect.

[Page A-4]

*1182
 3. (Defendant) must have reasonably believed that [his]
 [her] use of force was necessary to prevent or
 terminate (victim's) wrongful behavior.
Aggressor The use of force not likely to cause death or great bodily
F.S. 776.041 harm is not justifiable if you find:
Give if 1. (Defendant) was attempting to commit, committing or
applicable escaping after the commission of a (applicable forcible
 felony).
Define
applicable 2. (Defendant) initially provoked the use of force against
forcible [himself] [herself], unless:
felony
 (a) The force asserted toward the defendant was so great
 that [he] [she] reasonably believed that [he] [she]
 was in imminent danger of death or great
 bodily harm and had exhausted every reasonable means
 to escape the danger, other than using force not
 likely to cause death or great bodily harm to
 (assailant).
 (b) In good faith, the defendant withdrew from physical
 contact with (assailant) and indicated clearly to
 (assailant) that [he] [she] wanted to withdraw and
 stop the use of force not likely to cause death or
 great bodily harm, but (assailant) continued or
 resumed the use of force.
Force in A person is not justified in using force to resist an arrest
resisting by a law enforcement officer who is known, to be or reasonably
arrest appears to be a law enforcement officer.
F.S.
776.051(1)
and F.S.
776.012
Give if However, if an officer uses excessive force to make an
applicable arrest, then a person is justified in the use of reasonable
 force

[Page A-5]

*1183
See Ivester to defend [himself] [herself] ([or another)], but only to
v. State, the extent [he] [she] reasonably believes such force
398 So.2d 926 is necessary.
(Fla. 1st
DCA 1981);
Jackson
v. State,
463 So.2d 372
(Fla. 5th
DCA 1985).
In some
instances, the
instructions
applicable to
F.S. 776.012,
776.031 or
776.041 may
need to be
given in
connection
with this
instruction.
Read in all In deciding whether the defendant was justified in the use
cases of force not likely to cause death or great bodily harm, you
 must judge [him] [her] by the circumstances by which [he]
 [she] was surrounded at the time the force was used. The
 danger facing the defendant need not have been actual;
 however, to justify the use of force not likely to
 cause death or great bodily harm, the appearance of
 danger must have been so real that a reasonably
 cautious and prudent person under the same circumstances
 would have believed that the danger could be avoided only
 through the use of that force. Based upon appearances, the
 defendant must have actually believed that the danger was
 real.
Necessity to The defendant cannot justify his use of force not likely to
avoid use of cause death or great bodily harm unless he used every
deadly force reasonable means within his power and consistent with his own
Read in all safety to avoid the danger before resorting to that force.
cases

[Page A-6]

*1184
Reputation of If you find that (victim) had a reputation of being a
victim violent and dangerous person and that [his] [her] reputation
 was known to the defendant, you may consider this fact in
 determining whether the actions of the defendant were those
Give if of a reasonable person in dealing with an individual of
applicable that reputation.
Physical In considering the issue of self-defense, you may take into
abilities account the relative physical abilities and capacities of
Read in all the defendant and (victim).
cases
Read in all If in your consideration of the issue of self-defense you
cases have a reasonable doubt on the question of whether or not
 the defendant was justified in the use of force not likely to
 cause death or great bodily harm, you should find the
 defendant not guilty.
 However, if from the evidence you are convinced that the
 defendant was not justified in the use of force not likely to
 cause death or great bodily harm, then you should find [him]
 [her] guilty if all the elements of the charge have been
 proved.

Explanation of amendments: This instruction is on pages 44-45b of the manual. The paragraph being deleted does not seem to be a correct statement of law. The note in the margin indicates that the paragraph is about the use of deadly force, but the paragraph actually talks about nondeadly force. In doing so, it apparently is inaccurate. The committee is in agreement that no duty to use "every reasonable means ... to avoid the danger exists under Florida law." See Redondo v. State, 380 So.2d 1107 (Fla.3d DCA 1980) (footnote 1).

[Page A-7]

*1185
 3.05(c) AGGRAVATION OF A FELONY BY COMMITTING AN
 AGGRAVATED BATTERY (New)
 F.S. 775.087(1)
Note to This instruction should not be given in conjunction with
Judge the instructions pertaining to any felony in which the use of
 a weapon is an essential element.
 If you find that (defendant) committed (felony as identified
 by F.S. 775.087(1)) and you also find that during the
 commission of the crime the defendant committed an aggravated
 battery, you should find the defendant guilty of (felony) with
 an aggravated battery.
Definitions "Aggravated battery" is legally defined as (read applicable
 instructions).
 If you find only that defendant committed (felony, as
 identified in F.S. 775.087(1)) but did not commit an
 aggravated battery, then you should find the defendant
 guilty only of (felony).

Explanation of proposed instruction: This instruction is based on the instruction on page 46 of the manual and on amendments to F.S. 775.087(1) in 1989.

[Page A-8]

*1186
 3.05(d) AGGRAVATION OF A FELONY BY POSSESSION OF A
 FIREARM OR DESTRUCTIVE DEVICE (New)
 F.S. 775.087(2)
 If you find that (defendant) committed (felony identified by
 F.S. 775.087(2)) and you also find that during the commission
 of the crime the defendant possessed
 [a firearm]
 [a destructive device]
 [a semiautomatic firearm and its high-capacity
 detachable box magazine]
 [a machine gun],
 you should find the defendant guilty of (felony) with
 (applicable firearm(s)/device).
Definitions Give applicable definitions as contained in F.S. 790.001(4),
 F.S. 790.001(6), F.S. 775.087(2)(b), and F.S. 790.001(9).
 If you find only that defendant committed (felony, as
 identified in F.S. 775.087(2)) but did not possess a
 (applicable firearm(s)/device), then you should find the
 defendant guilty only of (felony).

Explanation of proposed instruction: This is based on the instruction on page 46 of the manual and on amendments to F.S. 775.087(2) in 1989.

[Page A-9]

*1187
 INTRODUCTION TO HOMICIDE
Note to Read in all murder and manslaughter cases.
Judge
 In this case (defendant) is accused of (crime charged).
Give degrees Murder in the First Degree includes the lesser crimes of
as applicable Murder in the Second Degree, Murder in the Third Degree and
 Manslaughter, all of which are unlawful.
 A killing that is excusable or was committed by the use of
 justifiable deadly force is lawful.
 If you find (victim) was killed by (defendant), you will
 then consider the circumstances surrounding the killing in
 deciding if the killing was (crime charged) or was [Murder
 in the Second Degree] [Murder in the Third Degree]
 [Manslaughter], or whether the killing was excusable or
 resulted from justifiable use of deadly force.
 JUSTIFIABLE HOMICIDE
F.S. 782.02 The killing of a human being is justifiable homicide and
 lawful if necessarily done while resisting an attempt to
 murder or commit a felony upon the defendant, or to commit a
 felony in any dwelling house in which the defendant was at the
 time of the killing.
 EXCUSABLE HOMICIDE
F.S. 782.03 The killing of a human being is excusable, and therefore
 lawful, under any one of the following three circumstances:
 1. When the killing is committed by accident and misfortune
 in doing any lawful act by lawful means with usual
 ordinary caution and without any unlawful intent, or
 2. When the killing occurs by accident or misfortune in the
 heat of passion, upon any sudden and sufficient
 provocation, or

[Page A-10]

*1188
 3. When the killing results from a sudden combat, without
 any dangerous weapon being used and not done in a cruel
 and unusual manner.
 3. When the killing is committed by accident and misfortune
 resulting from a sudden combat, if a dangerous weapon is
 not used and the killing is not done in a cruel or
 unusual manner.
Definition "Dangerous weapon" is any weapon that, taking into account
 the manner in which it is used, is likely to produce death or
 great bodily harm.
 I now instruct you on the circumstances that must be proved
 before (defendant) may be found guilty of (crime charged) or
 any lesser included crime.
Note to For complete instructions on Self-defense and Excusable
Judge Homicide, if in issue, see pages [40, 44] and 76 respectively
 40 and 44.

[Page A-11]

*1189
 FELONY MURDER  FIRST DEGREE
 F.S. 782.04(1)(a)
 Before you can find the defendant guilty of First Degree
 Felony Murder, the State must prove the following three
 elements beyond a reasonable doubt:
Elements 1. (Victim) is dead.
Give 2a, 2b 2. a. [The death occurred as a consequence of and while
or 2c as (defendant) was engaged in the commission of
applicable (crime alleged).]
 b. [The death occurred as a consequence of and while
 (defendant), was attempting to commit (crime
 alleged).]
 c. [The death occurred as a consequence of and while
 (defendant), or an accomplice, was escaping from the
 immediate scene of (crime alleged).]
Give 3a if 3. a. [(Defendant) was the person who actually killed
defendant (victim).]
actual
perpetrator
Give 3b if b. [(Victim) was killed by a person other than
defendant not (defendant); who was involved in the commission or
actual attempt to commit (crime alleged) but both (defendant)
perpetrator and the person who killed (victim) was present and did
 knowingly aid, abet, counsel, hire or otherwise
 procure were principals in the commission of (crime
 alleged).]
 In order to convict of First Degree Felony Murder, it is not
 necessary for the State to prove that the defendant had a
 premeditated design or intent to kill.

[Page A-12]

*1190
Notes to 1. Define the crime alleged. If Burglary, also define
Judge crime that was the object of burglary.
 2. If 2b above is given, also define "attempt" (see page
 55).
 3. If 3b is given, immediately give principal instruction
 (3.01 on page 32a).
 4. Since the statute does not require its proof, it is
 not necessary to define "premeditation."

Explanation of amendments: This instruction is on page 64 of the manual. The changes are intended to conform the instruction to the holding of State v. Dene, 533 So.2d 265 (Fla. 1988).

[Page A-13]

*1191
 MURDER  THIRD DEGREE
 F.S. 782.04(4)
 Before you can find the defendant guilty of Third Degree
 Murder, the State must prove the following three elements
 beyond a reasonable doubt:
Elements 1. (Victim) is dead.
Give 2a, 2b 2. a. [The death occurred as a consequence of and while
or 2c as (defendant) was engaged in the commission of (crime
applicable alleged).]
 b. [The death occurred as a consequence of and while
 (defendant) was attempting to commit (crime alleged).]
 c. [The death occurred as a consequence of and while
 (defendant), or an accomplice, was escaping from the
 immediate scene of (crime alleged).]
Give 3a if 3. a. [(Defendant) was the person who actually killed
defendant (victim).]
actual
perpetrator
Give 3b if b. [(Defendant) was not the person who actually killed
defendant not (victim), but was present and did knowingly aid, abet,
actual counsel, hire or otherwise procure the commission of
perpetrator (crime alleged).] [(Victim) was killed by a person
 other than (defendant); but both (defendant) and the
 person who killed (victim) were principals in the
 commission of (crime alleged).]
 It is not necessary for the State to prove the killing was
 perpetrated with a design to effect death.
Notes to 1. Define the crime alleged.
Judge

[Page A-14]

*1192
 2. If 2b above is given, also define "attempt" (see page
 55).
 3. If 3b is given, immediately give principal instruction
 (3.01 on page 32a).

Explanation of amendments: This instruction is on page 67 of the manual. The changes are intended to conform the instruction to the holding of State v. Dene, 533 So.2d 265 (Fla. 1988).

[Page A-15]

*1193
 MANSLAUGHTER (Amended)
 F.S. 782.07
 Before you can find the defendant guilty of Manslaughter,
 the State must prove the following two elements beyond a
 reasonable doubt:
Elements 1. (Victim) is dead.
Give 2(a), 2. The death was caused by the
(b) or (c)
depending (a) intentional act of (defendant).
upon
allegations (b) intentional procurement of (defendant).
and proof.
 (c) culpable negligence of (defendant).
 However, the defendant cannot be guilty of manslaughter if
 the killing was either justifiable or excusable homicide as
 I have previously explained those terms.
Note to In the event of any reinstruction on manslaughter, the
Judge instructions on justifiable and excusable homicide as
 previously given on page 61 should be given at the same time.
 Hedges v. State, 172 So.2d 824 (Fla. 1965).
Definitions
Give only if To "procure" means to persuade, induce, prevail upon or
2(b) alleged cause a person to do something.
and proved.
Give only if I will now define "culpable negligence" for you. Each of us
2(c) alleged has a duty to act reasonably toward others. If there is a
and proved. violation of that duty, without any conscious intention to
 harm, that violation is negligence. But culpable negligence
 is more than a failure to use ordinary care toward others. In
 order for negligence to be culpable, it must be gross and
 flagrant. Culpable negligence is a course of conduct showing
 reckless disregard of human life, or of the safety of persons
 exposed to its dangerous effects, or such an entire want of

[Page A-16]

*1194
 care as to raise a presumption of a conscious indifference to
 consequences, or which shows wantonness or recklessness, or a
 grossly careless disregard of the safety and welfare of the
 public, or such an indifference to the rights of others as is
 equivalent to an intentional violation of such rights.
 The negligent act or omission must have been committed with
 an utter disregard for the safety of others. Culpable
 negligence is consciously doing an act or following a course
 of conduct that the defendant must have known, or reasonably
 should have known, was likely to cause death or great bodily
 injury.

Explanation of amendments: The instruction begins on page 68 of the manual. The addition of "intentional" to (2)(a) and (2)(b) was approved by the committee after discussion of Taylor v. State, 444 So.2d 931 (Fla. 1983).

[Page A-17]

*1195
 DUI MANSLAUGHTER (Amended)
 F.S. 316.193(3)(c)3
 Before you can find the defendant guilty of DUI
 Manslaughter, the State must prove the following three
 elements beyond a reasonable doubt:
Elements 1. (Defendant) operated a vehicle.
See Magaw 2. (Defendant), by reason of such operation, caused or
v. State, contributed to the cause of the death of (victim).
537 So.2d 564
(Fla. 1989) 3. At the time of such operation (defendant)
Give 3a a. [was under the influence of [alcoholic beverages] [a
and/or 3b as chemical substance] [a controlled substance] to the
applicable extent that [his] [her] normal faculties were
 impaired.]
 b. [had a blood alcohol level of 0.10 percent or higher.]
Definitions "Vehicle" is any device in, upon, or by which any person or
 property is or may be transported or drawn upon a highway,
 except devices used exclusively upon stationary rails or
Give as tracks.
applicable
F.S. "Normal faculties" mean those faculties of a person, such as
316.003(75) the ability to see, hear, walk, talk, make judgments, and, in
 general, to normally perform the many mental and physical acts
 of our daily lives.
F.S. (___) is a chemical substance under Florida law.
877.111(1)
Ch. 893, F.S. (___) is a controlled substance under Florida law.
 "Alcoholic beverages" are considered to be beer, wine,
 whiskey, and all other alcoholic beverages of any kind and
 description which are made for human consumption.

[Page A-18]

*1196
Note to In appropriate cases, an instruction may be given on one or
Judge more of the presumptions of impairment established by F.S.
 316.1934(2)(a), (2)(b), and (2)(c). See State v. Rolle,
 560 So.2d 1154 (Fla. 1990).

Explanation of amendments: This instruction begins on page 70 of the manual. The words "or contributed to the cause of" were added to paragraph 2 after discussing Magaw v. State, 537 So.2d 564 (Fla. 1989). The committee decided that the definition of alcoholic beverages was unnecessary and perhaps too limiting.

[Page A-19]

*1197
 FELONY DUI  PRIOR CONVICTIONS (New)
 F.S. 316.193(2)(b)
 Before you can find the defendant guilty of DUI, the State
 must prove the following two elements beyond a reasonable
 doubt:
Elements 1. (Defendant) drove or was in actual physical control of
 a vehicle.
 2. While driving or in control of the vehicle, (defendant)
Give 2a a. [was under the influence of [alcoholic beverages] [a
and/or 2b as chemical substance] [a controlled substance] to the
applicable extent that [his] [her] normal faculties were
 impaired.]
 b. [had a blood alcohol level of 0.10 percent or
 higher.]
Definitions "Vehicle" is any device in, upon, or by which any person or
 property is or may be transported or drawn upon a highway,
Give as except devices used exclusively upon stationary rails or
applicable tracks.
F.S. "Normal faculties" mean those faculties of a person, such
316.003(75) as the ability to see, hear, walk, talk, make judgments, and,
 in general, to normally perform the many mental and physical
 acts of our daily lives.
F.S. (___) is a chemical substance under Florida law.
877.111(1)
Ch. 893, F.S. (___) is a controlled substance under Florida law.
Note to In appropriate cases, an instruction may be given on one
Judge or more of the presumptions of impairment established by F.S.
 316.1934(2)(a), (2)(b), and (2)(c). State v. Rolle,
 560 So.2d 1154 (Fla. 1990).

[Page A-20]
*1198 Explanation of proposed instruction: This instruction is based on F.S. 316.193(2)(b), which was created in 1986. The instruction covers the elements of DUI only. It does not mention three prior convictions, the element that separates felony DUI from misdemeanor DUI. The issue of previous convictions must be determined after a guilty finding on the basic elements of DUI. State v. Rodriguez, 575 So.2d 1262 (Fla. 1991).

[Page A-21]

*1199
 FELONY DUI  SERIOUS BODILY INJURY (New)
 F.S. 316.193(3)(c)2
 Before you can find the defendant guilty of DUI with
 serious bodily injury, the State must prove the following
 three elements beyond a reasonable doubt:
Elements 1. (Defendant) drove or was in actual physical control of a
 vehicle.
 2. While driving or in control of the vehicle, (defendant)
Give 2a or a. [was under the influence of [alcoholic beverages] [a
2b as chemical substance] [a controlled substance] to the
applicable extent that [his] [her] normal faculties were
 impaired.]
 b. [had a blood alcohol level of 0.10 percent or higher.]
 3. As a result (defendant) caused serious bodily injury to
 (victim).
Definitions "Vehicle" is any device in, upon, or by which any person
 or property is or may be transported or drawn upon a highway,
Give as except devices used exclusively upon stationary rails or
applicable tracks.
F.S. "Normal faculties" mean those faculties of a person, such
316.003(75) as the ability to see, hear, walk, talk, make judgments,
 and, in general, to normally perform the many mental and
 physical acts of our daily lives.
F.S. (___) is a chemical substance under Florida law.
877.111(1)
Ch. 893, F.S. (___) is a controlled substance under Florida law.
F.S. "Serious bodily injury" means a physical condition that
316.1933 creates a substantial risk of death, serious personal

[Page A-22]

*1200
 disfigurement, or protracted loss or impairment of the
 function of any bodily member or organ.
Note to In appropriate cases, an instruction may be given on one
Judge or more of the presumptions of impairment established by
 F.S. 316.1934(2)(a), (2)(b), and (2)(c). State v. Rolle,
 560 So.2d 1154 (Fla. 1990).

Explanation of proposed instruction: This instruction is based on F.S. 316.193(3)(c)2, which was created in 1986.

[Page A-23]

*1201
 PENALTY PROCEEDINGS  CAPITAL CASES (Amended)
 F.S. 921.141
Note to Give 1a at the beginning of penalty proceedings before a
Judge jury that did not try the issue of guilt. In addition, give
 the jury other appropriate general instructions.
 1. a. Ladies and gentlemen of the jury, the defendant has
 been found guilty of (crime charged). Consequently,
 you will not concern yourselves with the question of
 [his] [her] guilt.
Note to Give 1b at beginning of penalty proceedings before the
Judge jury that found the defendant guilty.
 b. Ladies and gentlemen of the jury, you have found the
 defendant guilty of (crime charged).
 2. The punishment for this crime is either death or life
 imprisonment without the possibility of parole for 25
 years. Final decision as to what punishment shall be
 imposed rests solely with the judge of this court;
 however, the law requires that you, the jury, render to
 the court an advisory sentence as to what punishment
 should be imposed upon the defendant.
Note to When the victim is a law enforcement officer, correctional
Judge officer, state attorney, assistant state attorney, justice,
 or judge, "eligibility for release" should be inserted in
 place of "possibility of parole for 25 years." See F.S.
 775.0823.
Note to Give in all cases before taking evidence in penalty
Judge proceedings.
 The State and the defendant may now present evidence
 relative to the nature of the crime and the character of
 the defendant. You are instructed that [this evidence
 when considered with the evidence you have already heard]
 [this evidence] is presented in order that you might
 determine, first, whether sufficient aggravating
 circumstances exist that

[Page A-24]

*1202
 would justify the imposition of the death penalty and,
 second, whether there are mitigating circumstances
 sufficient to outweigh the aggravating circumstances, if
 any. At the conclusion of the taking of the evidence and
 after argument of counsel, you will be instructed on the
 factors in aggravation and mitigation that you may consider.
Note to Give after the taking of evidence and argument.
Judge
 Ladies and gentlemen of the jury, it is now your duty to
 advise the court as to what punishment should be imposed
 upon the defendant for [his] [her] crime of (crime charged).
 As you have been told, the final decision as to what
 punishment shall be imposed is the responsibility of the
 judge; however, it is your duty to follow the law that will
 now be given you by the court and render to the court an
 advisory sentence based upon your determination as to whether
 sufficient aggravating circumstances exist to justify the
 imposition of the death penalty and whether sufficient
 mitigating circumstances exist to outweigh any aggravating
 circumstances found to exist.
 Your advisory sentence should be based upon the evidence
 [that you have heard while trying the guilt or innocence of
 the defendant and evidence that has been presented to you
 in these proceedings] [that has been presented to you in
 these proceedings].
F.S. The aggravating circumstances that you may consider are
921.141(5) limited to any of the following that are established by the
 evidence:
Note to Give only those aggravating circumstances for which
Judge evidence has been presented.
 1. The crime for which (defendant) is to be sentenced was
 committed while [he] [she] [was under sentence of
 imprisonment] [or] [was placed on community control];
 2. The defendant has been previously convicted of another
 capital offense or of a felony involving the

Page A-25]

*1203
 [use] [threat] of violence to some person;
Note to Since the character of a crime if involving violence or
Judge threat of violence is a matter of law, when the State offers
 evidence under aggravating circumstance "2" the court should
 instruct the jury of the following, as applicable:
Give a or b a. The crime of (previous crime) is a capital felony;
as applicable
 b. The crime of (previous crime) is a felony involving
 the [use] [threat] of violence to another person;
 3. The defendant, in committing the crime for which [he]
 [she] is to be sentenced, knowingly created a great risk
 of death to many persons;
 4. The crime for which the defendant is to be sentenced
 was committed while [he] [she] was
 [engaged]
 [an accomplice]
 in
 [the commission of]
 [an attempt to commit]
 [flight after committing or attempting to commit]
 the crime of
 [robbery]
 [sexual battery]
 [arson]
 [burglary]
 [kidnapping]
 [aircraft piracy]
 [the unlawful throwing, placing or discharging of
 a destructive device or bomb];

[Page A-26]

*1204
 5. The crime for which the defendant is to be sentenced
 was committed for the purpose of avoiding or preventing
 a lawful arrest or effecting an escape from custody;
 6. The crime for which the defendant is to be sentenced was
 committed for financial gain;
 7. The crime for which the defendant is to be sentenced was
 committed to disrupt or hinder the lawful exercise of
 any governmental function or the enforcement of laws;
 8. The crime for which the defendant is to be sentenced was
 especially heinous, atrocious or cruel. "Heinous" means
 extremely wicked or shockingly evil. "Atrocious" means
 outrageously wicked and vile. "Cruel" means designed to
 inflict a high degree of pain with utter indifference
 to, or even enjoyment of, the suffering of others. The
 kind of crime intended to be included as heinous,
 atrocious, or cruel is one accompanied by additional
 acts that show that the crime was conscienceless or
 pitiless and was unnecessarily torturous to the victim.
Applicable 9. The crime for which the defendant is to be sentenced was
only if committed in a cold, calculated and premeditated manner
defendant without any pretense of moral or legal justification.
committed a
homicide 10. The victim of the crime for which defendant is to be
 sentenced was a law enforcement officer engaged in the
 performance of the officer's official duties.
 11. The victim of the crime for which the defendant is to
 be sentenced was an elected or appointed public official
 engaged in the performance of [his] [her] official
 duties and the crime was related, in whole or in part,
 to the victim's official capacity.

[Page A-27]

*1205
 If you find the aggravating circumstances do not justify
 the death penalty, your advisory sentence should be one of
 life imprisonment without possibility of parole for 25 years.
Note to When the victim is a law enforcement officer, correctional
Judge officer, state attorney, assistant state attorney, justice,
 or judge, "eligibility for release" should be inserted in
 place of "possibility of parole for 25 years." See F.S.
 775.0823.
F.S. Should you find sufficient aggravating circumstances do
921.141(6) exist, it will then be your duty to determine whether
 mitigating circumstances exist that outweigh the aggravating
 circumstances. Among the mitigating circumstances you may
 consider, if established by the evidence, are:
Note to Give only those mitigating circumstances for which
Judge evidence has been presented.
 1. (Defendant) has no significant history of prior criminal
 activity;
Note to If the defendant offers evidence on this circumstance and
Judge the State, in rebuttal, offers evidence of other crimes,
 also give the following:
 Conviction of (previous crime) is not an aggravating
 circumstance to be considered in determining the penalty to
 be imposed on the defendant, but a conviction of that crime
 may be considered by the jury in determining whether the
 defendant has a significant history of prior criminal
 activity.
 2. The crime for which the defendant is to be sentenced
 was committed while [he] [she] was under the influence
 of extreme mental or emotional disturbance;
 3. The victim was a participant in the defendant's conduct
 or consented to the act;
 4. The defendant was an accomplice in the offense for
 which [he] [she] is to be sentenced but the offense

[Page A-28]

*1206
 was committed by another person and the defendant's
 participation was relatively minor;
 5. The defendant acted under extreme duress or under the
 substantial domination of another person;
 6. The capacity of the defendant to appreciate the
 criminality of [his] [her] conduct or to conform [his]
 [her] conduct to the requirements of law was
 substantially impaired;
 7. The age of the defendant at the time of the crime;
 8. Any other aspect of the defendant's character or
 record, and any other circumstance of the offense.
 Each aggravating circumstance must be established beyond a
 reasonable doubt before it may be considered by you in
 arriving at your decision.
 If one or more aggravating circumstances are established,
 you should consider all the evidence tending to establish
 one or more mitigating circumstances and give that evidence
 such weight as you feel it should receive in reaching your
 conclusion as to the sentence that should be imposed.
 A mitigating circumstance need not be proved beyond a
 reasonable doubt by the defendant. If you are reasonably
 convinced that a mitigating circumstance exists, you may
 consider it as established.
 The sentence that you recommend to the court must be
 based upon the facts as you find them from the evidence and
 the law. You should weigh the aggravating circumstances
 against the mitigating circumstances, and your advisory
 sentence must be based on these considerations.
 In these proceedings it is not necessary that the advisory
 sentence of the jury be unanimous.

[Page A-29]

*1207
 The fact that the determination of whether you recommend
 a sentence of death or sentence of life imprisonment in this
 case can be reached by a single ballot should not influence
 you to act hastily or without due regard to the gravity of
 these proceedings. Before you ballot you should carefully
 weigh, sift and consider the evidence, and all of it,
 realizing that human life is at stake, and bring to bear your
 best judgment in reaching your advisory sentence.
 If a majority of the jury determine that (defendant) should
 be sentenced to death, your advisory sentence will be:
 A majority of the jury, by a vote of ______, advise and
 recommend to the court that it impose the death penalty
 upon (defendant).
 On the other hand, if by six or more votes the jury
 determines that (defendant) should not be sentenced to death,
 your advisory sentence will be:
 The jury advises and recommends to the court that it
 impose a sentence of life imprisonment upon (defendant)
 without possibility of parole for 25 years.
Note to When the victim is a law enforcement officer, correctional
Judge officer, state attorney, assistant state attorney, justice,
 or judge, "eligibility for release" should be inserted in
 place of "possibility of parole for 25 years." See F.S.
 775.0823.
 You will now retire to consider your recommendation. When
 you have reached an advisory sentence in conformity with
 these instructions, that form of recommendation should be
 signed by your foremanperson and returned to the
 court.

Explanation of amendment: This instruction begins on page 77 of the manual. The Note to Judge is added to bring F.S. 775.0823 to the court's attention in appropriate cases.

[Page A-30]

*1208
 ASSAULT OFON LAW ENFORCEMENT OFFICER OR
 FIREFIGHTER (Amended)
 F.S. 784.07A(2)(a)
 Before you can find the defendant guilty of Assault on a
 [law enforcement officer] [firefighter], the State must
 prove the following six elements beyond a reasonable doubt:
Elements 1. (Defendant) intentionally and unlawfully threatened,
 either by word or act, to do violence to (victim).
 2. At the time, (defendant) appeared to have the ability to
 carry out the threat.
 3. The act of (defendant) created in the mind of (victim) a
 well-founded fear that the violence was about to take
 place.
 4. (Victim) was at the time a [law enforcement officer]
 [firefighter].
 5. (Defendant) knew (victim) was a [law enforcement
 officer] [firefighter].
 6. At the time of the assault (victim) was engaged in the
 lawful performance of [his] [her] duties.
 The court now instructs you that (name of official
 position of victim designated in charge) is a [law
 enforcement officer] [firefighter].

Explanation of proposed changes: The instruction is on page 92 of the manual. The changes are editorial.

[Page A-31]

*1209
 BATTERY OF LAW ENFORCEMENT OFFICER OR FIREFIGHTER
 (Amended)
 F.S. 784.07B(2)(b)
 Before you can find the defendant guilty of Battery of a
 [law enforcement officer] [firefighter], the State must prove
 the following four elements beyond a reasonable doubt:
Elements 1. (Defendant) intentionally
 [touched or struck (victim) against [his] [her] will.]
 [caused bodily harm to (victim).]
 2. (Victim) was a [law enforcement officer] [firefighter].
 3. (Defendant) knew (victim) was a [law enforcement
 officer] [firefighter].
 4. (Victim) was engaged in the lawful performance of [his]
 [her] duties when the battery was committed. against
 him.
 The court now instructs you that (name of official position
 of victim designated in charge) is a [law enforcement
 officer] [firefighter].

Explanation of proposed changes: The instruction is on page 93 of the manual. The changes are editorial.

[Page A-32]

*1210
 AGGRAVATED ASSAULT ON LAW ENFORCEMENT OFFICER OR
 FIREFIGHTER (New)
 F.S. 784.07(2)(c)
 Before you can find the defendant guilty of aggravated
 assault of a [law enforcement officer] [firefighter], the
 state must prove the following seven elements beyond a
 reasonable doubt. The first three elements define assault.
Elements 1. (Defendant) intentionally and unlawfully threatened,
 either by word or act, to do violence to (victim).
 2. At the time, (defendant) appeared to have the ability
 to carry out the threat.
 3. The act of (defendant) created in the mind of (victim)
 a well-founded fear that the violence was about to take
 place.
Give 4a or 4. a. [The assault was made with a deadly weapon.]
4b as
applicable b. [The assault was made with a fully-formed, conscious
 intent to commit (crime charged) upon (victim).]
Note to If 4b is alleged, define the crime charged.
Judge
 5. (Victim) was at the time a [law enforcement officer]
 [firefighter].
 6. (Defendant) knew (victim) was a [law enforcement
 officer] [firefighter].
 7. At the time of the assault (victim) was engaged in the
 lawful performance of [his] [her] duties.
 The court now instructs you that (name of official position
 of victim designated in charge) is a [law enforcement
 officer] [firefighter].

[Page A-33]

*1211
Definition; A weapon is a "deadly weapon" if it is used or threatened
give if 4a to be used in a way likely to produce death or great bodily
alleged harm.
Give if 4a It is not necessary for the state to prove that the
alleged defendant had an intent to kill.

Explanation of proposed instruction: This instruction is new based on F.S. 784.07(2)(c), which was created in 1988. The wording is similar to the instruction for assault of law enforcement officer on page 92 of the manual.

[Page A-34]

*1212
 AGGRAVATED BATTERY ON LAW ENFORCEMENT OFFICER OR
 FIREFIGHTER (New)
 F.S. 784.07(2)(d)
 Before you can find the defendant guilty of aggravated
 battery of a [law enforcement officer] [firefighter], the
 state must prove the following five elements beyond a
 reasonable doubt. The first element is a definition of
 battery.
Elements 1. (Defendant)
 [intentionally touched or struck (victim) against [his]
 [her] will.]
 [intentionally caused bodily harm to (victim).]
 2. (Defendant) in committing the battery
 a. [intentionally or knowingly caused
 [great bodily harm to (victim)].]
 [permanent disability to (victim) ].]
 [permanent disfigurement to (victim)].]
 b. [used a deadly weapon.]
 3. (Victim) was a [law enforcement officer]
 [firefighter].
 4. (Defendant) knew (victim) was a [law enforcement
 officer] [firefighter].
 5. (Victim) was engaged in the lawful performance of [his]
 [her] duties when the battery was committed against [him]
 [her].
 The court now instructs you that (name of official position
 of victim designated in charge) is a [law enforcement
 officer] [firefighter].

[Page A-35]

*1213
Definition; A weapon is a "deadly weapon" if it is used or threatened
give if 2b to be used in a way likely to produce death or great bodily
alleged harm.

Explanation of proposed instruction: This instruction is new based on F.S. 784.07(2)(d), which was created in 1988. The wording is similar to the instruction for battery of a law enforcement officer on page 93 of the manual.

[Page A-36]

*1214
 PERSONS ENGAGED IN CRIMINAL OFFENSE HAVING WEAPON
 (Amended)
 F.S. 790.07(1) and (2)
 Before you can find the defendant guilty of (crime
 charged), the State must prove the following two elements
 beyond a reasonable doubt:
Elements; 1. (Defendant)
give 1a or 1b
as applicable a. [[displayed] [used] [threatened to use] [attempted
 to use]
 [a weapon].]
 [a firearm].]
 [an electric weapon or device].]
 b. [carried] a [weapon] [firearm], which was concealed
 from the ordinary sight of another person.]
 2. [He] [She] did so while committing or attempting to
 commit the felony of (felony alleged).
Notes to 1. Define the felony alleged. If Burglary, also define
Judge crime that was object of the burglary.
 2. Define "attempt" (see page 55) and.
 3. Adapt the definition of the weapon or firearm alleged
 from F.S. 790.001 as required by the allegations.

Explanation of amendments: This instruction appears on page 99 of the manual. The addition of "or firearm" clarifies the second Note to Judge.

[Page A-37]

*1215
 THROWING, MAKING, PLACING, PROJECTING, OR
 DISCHARGING DESTRUCTIVE DEVICE (New)
 F.S. 790.161(1)
 Before you can find the defendant guilty of (crime
 charged), the State must prove the following element beyond
 a reasonable doubt:
Element 1. (Defendant) willfully and unlawfully
 [made]
 [possessed]
 [threw]
 [placed]
 [projected]
 [discharged]
 [attempted to [make] [possess] [throw] [place]
 [project] [discharge]]
 a destructive device.
Definition A "destructive device" is defined as (adapt from F.S.
 790.001(4) as required by the allegations).

Explanation of proposed instructions: This instruction is based on the instruction on page 103 of the manual and on amendments to F.S. 790.161 in 1990.

[Page A-38]

*1216
 THROWING, MAKING, PLACING, PROJECTING, OR
 DISCHARGING DESTRUCTIVE DEVICE (New)
 F.S. 790.161(2)
 Before you can find the defendant guilty of (crime
 charged), the State must prove the following two elements
 beyond a reasonable doubt:
Elements 1. (Defendant) willfully and unlawfully
 [made]
 [possessed]
 [threw]
 [placed]
 [projected]
 [discharged]
 [attempted to [make] [possess] [throw] [place]
 [project] [discharge]]
 a destructive device.
Give those 2. (a) The act was committed with the intent to
parts of
paragraph 2 [do bodily harm to another.]
as applicable [do property damage.]
 (b) The act resulted in
 [a disruption of governmental operations.]
 [a disruption of commerce.]
 [a disruption of the private affairs of
 (victim).]
Definition A "destructive device" is defined as (adapt from F.S.
 790.001(4) as required by the allegations).

Explanation of proposed instruction: This is based on the instruction on page 103 of the manual and on amendments to F.S. 790.161 in 1990.

[Page A-39]

*1217
 THROWING, MAKING, PLACING, PROJECTING, OR DISCHARGING
 DESTRUCTIVE DEVICE (New)
 F.S. 790.161(3)
 Before you can find the defendant guilty of (crime
 charged), the State must prove the following two elements
 beyond a reasonable doubt:
Elements 1. (Defendant) willfully and unlawfully
 [made]
 [possessed]
 [threw]
 [placed]
 [projected]
 [discharged]
 [attempted to [make] [possess] [throw] [place]
 [project] [discharge]]
 a destructive device.
 2. The act resulted in
 [bodily harm to another.]
 [property damage.]
Definition A "destructive device" is defined as (adapt from F.S.
 790.001(4) as required by the allegations).

Explanation of proposed instruction: This is based on the instruction on page 103 of the manual and on amendments to F.S. 790.161 in 1990.

[Page A-40]

*1218
 THROWING, MAKING, PLACING, PROJECTING, OR DISCHARGING
 DESTRUCTIVE DEVICE (New)
 F.S. 790.161(4)
 Before you can find the defendant guilty of (crime
 charged), the State must prove the following two elements
 beyond a reasonable doubt:
Elements 1. (Defendant) willfully and unlawfully
 [made]
 [possessed]
 [threw]
 [placed]
 [projected]
 [discharged]
 [attempted to [make] [possess] [throw] [place]
 [project] [discharged]]
 a destructive device.
 2. The act resulted in the death of another.
Definition A "destructive device" is defined as (adapt from F.S.
 790.001(4) as required by the allegations).

Explanation of proposed instruction: This is based on the instruction on page 103 of the manual and on amendments to F.S. 790.161 in 1990.

[Page A-41]

*1219
 DEALER SELLING ARMS TO MINORS (Amended)
 F.S. 790.18
 Before you can find the defendant guilty of (crime
 charged), the State must prove the following three elements
 beyond a reasonable doubt:
Elements 1. (Defendant) was engaged in the business of dealing in
 arms as a source of revenue.
 2. In the course of that business (defendant) sold to
 (minor alleged) the (weapon alleged).
 3. (Minor alleged) was at the time under the age of
 eighteen years.
Definitions A "dealer in arms" is a person who buys and sells weapons
 or firearms.
 A "(weapon or firearm alleged)" is legally defined as
 (adapt from F.S. 790.001 as required by the allegations).

Explanation of amendments: This instruction is on page 108 of the manual. The addition of "or firearm" clarifies the last sentence of this instruction.

[Page A-42]

*1220
 FELONS POSSESSING WEAPONS (Amended)
 F.S. 790.23
 Before you can find the defendant guilty of (crime
 charged), the State must prove the following two elements
 beyond a reasonable doubt:
Elements 1. (Defendant) had been convicted of (prior offense).
 2. After the conviction (defendant) knowingly
Give 2a or a. [owned] [had in [his] [her] care, custody,
2b as possession or control]
applicable
 [a firearm.]
 [an electric weapon or device.]
 b. [carried a (weapon alleged), which was concealed
 from the ordinary sight of another person.]
Defense If you find that the defendant's civil rights had been
 restored at the time of the offense, you shall find the
 defendant not guilty.
Definitions "Convicted" means that a judgment has been entered in a
 criminal proceeding by a competent court pronouncing the
 accused guilty.
 A ["firearm"] ["electric weapon or device"] ["concealed
 weapon"] is legally defined as (adapt from F.S. 790.001 as
 required by the allegations).
Give if 2a "Care" and "custody" mean immediate charge and control
alleged exercised by a person over the named object. The terms
 care, custody and control may be used interchangeably.
 To "possess" means to have personal charge of or exercise
 the right of ownership, management or control over the thing
 possessed.

[Page A-43]

*1221
 Possession may be actual or constructive. If a thing is in
 the hand of or on the person, or in a bag or container in the
 hand of or on the person, or is so close as to be within
 ready reach and is under the control of the person, it is
 in the actual possession of that person.
 If a thing is in a place over which the person has control
 or in which the person has hidden or concealed it, it is in
 the constructive possession of that person.
 Possession may be joint, that is, two or more persons may
 jointly have possession of an article, exercising control
 over it. In that case, each of those persons is considered
 to be in possession of that article.
 If a person has exclusive possession of a thing, knowledge
 of its presence may be inferred or assumed.
 If a person does not have exclusive possession of a thing,
 knowledge of its presence may not be inferred or assumed.

Explanation of amendment: This instruction begins on page 111b of the manual. This change (addition of "knowingly" in paragraph (2)) is based on White v. State, 539 So.2d 577 (Fla.5th DCA 1989).

[Page A-44]

*1222
 SEXUAL BATTERY  VICTIM TWELVE YEARS OF AGE OR OLDER
  CIRCUMSTANCES SPECIFIED  (Amended)
 F.S. 794.011(4)
 Before you can find the defendant guilty of sexual battery
 upon a person twelve years of age or older under specified
 circumstances, the State must prove the following four
 elements beyond a reasonable doubt:
Elements 1. (Victim) was twelve years of age or older.
 2. a. [(Defendant) committed an act [upon] [with] (victim)
 in which the sexual organ of the [(defendant)]
 [(victim)] penetrated or had union with the [anus]
 [vagina] [mouth] of the [(victim)] [(defendant)].]
 b. [(Defendant) committed an act upon (victim) in which
 the [anus] [vagina] of (victim) was penetrated by an
 object.]
 3. a. [(Victim) was physically helpless to resist.]
 b. [(Defendant) coerced (victim) to submit by
 threatening to use force or violence likely to cause
 serious personal injury and (victim) reasonably
 believed the (defendant) had the present ability to
 execute the threat.]
 c. [(Defendant) coerced (victim) to submit by threat of
 retaliation against (victim) or any other person and
 (victim) reasonably believed that (defendant) had the
 ability to execute the threat in the future.]
 d. [(Defendant), without prior knowledge or consent of
 (victim), administered or had knowledge of someone
 else administering to (victim) a narcotic, anesthetic
 or other intoxicating substance that mentally or

[Page A-45]

*1223
 physically incapacitated (victim).]
 e. [(Victim) was mentally defective and (defendant)
 had reason to believe this or had actual knowledge
 of that fact.]
 f. [(Victim) was physically incapacitated.]
 4. The act was committed without the consent of (victim).
Definitions
Give in all "Consent" means intelligent, knowing, and voluntary consent
cases and does not include coerced submission.
Give if Evidence of the victim's mental incapacity or defect, if
applicable any, may be considered in determining whether there was an
 intelligent, knowing and voluntary consent.
 "Mentally incapacitated" means that a person is rendered
 temporarily incapable of appraising or controlling his or her
 conduct due to the influence of a narcotic, anesthetic or
 intoxicating substance administered to that person without
 his or her consent, or due to any other act committed upon
 that person without his or her consent.
 "Mentally defective" means that a person suffers from a
 mental disease or defect that renders that person
 temporarily or permanently incapable of appraising the
 nature of his or her conduct.
 "Union" is an alternative to penetration and means coming
 into contact.
Give if 3a "Physically helpless" means that a person is unconscious,
alleged asleep, or for any other reason physically unable to
 communicate unwillingness to act.
Give if 3b "Serious personal injury" means great bodily harm or pain,
alleged permanent disability, or permanent disfigurement.

[Page A-46]

*1224
Give if 3f "Physically incapacitated" means that a person is bodily
alleged impaired or handicapped and substantially limited in his or
 her ability to resist or flee an act.
Give if However, any act done for bona fide medical purposes is
applicable not a sexual battery.
Note to In the event of multiple perpetrators, give instruction on
Judge enhancement, F.S. 794.023.
Note to The option of the word "[with] (victim)" in 2a is provided
Judge to reflect the manner in which the crime was committed. See
 Coleman v. State, 484 So.2d 624 (Fla. 1st DCA 1986),
 at pages 627, 628.

Explanation of amendments: The instruction begins on page 119 of the manual. The addition of "physically incapacitated" is based on 1989 amendments to F.S. 794.011.

[Page A-47]

*1225
 LEWD, LASCIVIOUS, INDECENT ASSAULT OR ACT UPON OR IN
 THE PRESENCE OF CHILD; SEXUAL BATTERY (Revised)
 F.S. 800.04
 Before you can find the defendant guilty of (crime
 charged), the State must prove the following two elements
 beyond a reasonable doubt:
Elements 1. (Victim) was under the age of sixteen years.
Give as 2. a. (Defendant)
applicable
Subsection [made an assault upon (victim) in a lewd, lascivious
(1) or indecent manner.]
 [handled or fondled (victim) in a lewd, lascivious
 or indecent manner.]
Subsection b. (Defendant) committed upon (victim) or forced or
(2) enticed (victim) to commit
 [actual or simulated sexual intercourse.]
 [deviate sexual intercourse.]
 [sexual bestiality.]
 [masturbation.]
 [sadomasochistic abuse.]
 [actual lewd exhibition of the genitals.]
 [any act or conduct which simulated that sexual
 battery was being or would be committed on (victim).]
Subsection c. (Defendant)
(3)

[Page A-48]

*1226
 [committed an act [upon] [with] (victim) in which the
 sexual organ of the [(defendant)] [(victim)]
 penetrated or had union with the [anus] [vagina]
 [mouth] of [(victim)] [(defendant)].]
 [committed an act upon (victim) in which the [anus]
 [vagina] of (victim) was penetrated by an object.]
Subsection d. (Defendant) knowingly committed a lewd or lascivious
(4) act in the presence of (victim).
Definitions
Give in all Neither the victim's lack of chastity nor the victim's
cases consent is a defense to the crime charged.
Give when As used in regard to this offense the words "lewd,"
F.S. "lascivious" and "indecent" mean the same thing. They mean a
800.04(1) wicked, lustful, unchaste, licentious, or sensual intent on
charged the part of the person doing an act.
Give when An "assault" is an intentional, unlawful threat by word or
assault is act to do violence to the person of another, coupled with an
charged apparent ability to do so, and doing some act which creates
under F.S. a well-founded fear in such other person that such violence
800.04(1) is imminent.
Give when As used in regard to this offense the words "lewd" and
F.S. "lascivious" mean the same thing and mean a wicked, lustful,
800.04(4) is unchaste, licentious, or sensual intent on the part of the
charged person doing an act.
Note to Give applicable definitions from F.S. 847.001 when F.S.
Judge 800.04(2) is charged.
Note to There is no need to make reference to the words "without
Judge committing the crime of sexual battery" because this refers to
 forcible sexual relations. Lanier v. State, 443 So.2d 178
 (Fla. 3d DCA 1983); Chapter 84-86, Laws of Florida.

[Page A-49]
*1227 Explanation of proposed revision: The instruction begins on page 122 of the manual. The revision is based on F.S. 800.04 as amended in 1990.

[Page A-50]

*1228
 ARSON  FIRST DEGREE (Amended)
 F.S. 806.01(1)
 Before you can find the defendant guilty of Arson, the
 State must prove the following [three] [four] elements
 beyond a reasonable doubt:
Elements 1. (Defendant) [damaged] [caused to be damaged] (structure
 or contents alleged) by [fire] [explosion].
Give 2a or 2. a. The damage was done willfully and unlawfully.
2b
 b. The damage was caused while defendant was engaged in
 the commission of (felony alleged).
 3. The (structure alleged) was
Give 3a if a. [a dwelling.]
charged
under F.S.
806.01(1)(a)
Give 3b if b. [an institution in which the damage occurred during
charged normal hours of occupancy.]
under F.S.
806.01(1)(b)
 [an institution where persons are normally present.]
Give 3c if c. [a structure.]
charged
under F.S.
806.01(1)(c)
Give only if 4. The defendant knew or had reasonable grounds to believe
charged the (structure alleged) was occupied by a human being.
under F.S.
806.01(1)(c)

[Page A-51]

*1229
Definition; "Structure" means:
give if
applicable 1. Any building of any kind.
F.S. 2. Any enclosed area with a roof over it.
806.01(3) 3. Any real property and its appurtenances.
 4. Any tent or other portable building.
 5. Any vehicle.
 6. Any vessel.
 7. Any watercraft.
 8. Any aircraft.
Give only if Define the crime alleged. If burglary, also define crime
2b is alleged that was the object of burglary.

Explanation of amendments: The instruction begins on page 127 of the manual. The new language is added based on 1990 amendments to F.S. 806.01(1).

[Page A-52]

*1230
 ARSON  SECOND DEGREE (Amended)
 F.S. 806.01(2)
 Before you can find the defendant guilty of Arson
  Second Degree, the State must prove the following three
 elements beyond a reasonable doubt:
Elements 1. (Defendant) [caused to be damaged] [damaged] a
 (structure alleged), owned by the defendant or
 another, by [explosion] [fire].
Give 2a or 2. a. The damage was done willfully and unlawfully.
2b
 b. The damage was caused while defendant was engaged
 in the commission of (felony alleged).
 3. The (structure alleged) is a structure.
Definition "Structure" means:
F.S.
806.01(3) 1. Any building of any kind.
 2. Any enclosed area with a roof over it.
 3. Any real property and its appurtenances.
 4. Any tent or other portable building.
 5. Any vehicle.
 6. Any vessel.
 7. Any watercraft.
 8. Any aircraft.
Give only if Define the crime alleged. If burglary, also define crime
2b is alleged that was the object of burglary.

Explanation of amendments: The instruction begins on page 128 of the manual. The new language is added based on 1990 amendments to F.S. 806.01(2).

[Page A-53]

*1231
 CRIMINAL MISCHIEF (Amended)
 F.S. 806.13
 Before you can find the defendant guilty of criminal
 mischief, the state must prove the following three
 elements beyond a reasonable doubt:
Elements 1. (Defendant) injured or damaged (copy from charge).
 2. The property injured or damaged belonged to (person
 alleged).
 3. The injury or damage was done willfully and
 maliciously.
Give if Among the means by which property can be injured or
applicable damaged under the law is the placement of graffiti on it
 or other acts of vandalism to it.
Definitions "Willfully" means intentionally, knowingly and
 purposely.
 "Maliciously" means wrongfully, intentionally, without
 legal justification or excuse, and with the knowledge that
 injury or damage will or may be caused to another person
 or the property of another person.
Degrees; The punishment provided by law for the crime of criminal
give up to mischief is greater depending upon the value of the
the extent of property damaged. Therefore, if you find the defendant
the chargeas guilty of criminal mischief, you must
applicable determine by your verdict whether:
 a. [The damage to the property was $1,000 or greater.]
 [By reason of the damage there was an interruption or
 impairment of a business operation or public
 communication, transportation, supply of water, gas
 or power, or other public service which cost $1,000 or
 more in labor and supplies to restore.]

[Page A-54]

*1232
 b. [The damage to the property was greater than $200 but
 less than $1,000.]
 c. [The damage to the property was $200 or less.]

Explanation of amendment: The instruction appears on page 130 of the manual. The underlined sentence is based on a 1988 amendment to F.S. 806.13(1)(a).

[Page A-55]

*1233
 THEFT (Amended)
 F.S. 812.014
 Before you can find the defendant guilty of Theft, the
 State must prove the following two elements beyond a
 reasonable doubt:
Elements 1. (Defendant) knowingly and unlawfully [obtained]
 [used] [endeavored to obtain] [endeavored to use]
 the (property alleged) of (victim).
 2. [He] [She] did so with intent to, either temporarily
 or permanently,
 [deprive (victim) of [his] [her] right to the
 property or any benefit from it.]
 [appropriate the property of (victim) to [his]
 [her] own use or to the use of any person not
 entitled to it.]
Degrees; If you find the defendant guilty of theft, you must
give if determine by your verdict
 whether:
property is of
monetary a. [The value of the property taken was $100,000 or
value up to more.]
extent of b. [The value of the property taken was $20,000 or more
charge but less than $100,000.]
 c. [The value of the property taken was $300 or more but
 less than $20,000.]
 d. [The value of the property taken was less than $300.]
Give if e. [The property was [a will, codicil, or other
applicable testamentary instrument.] [a firearm.] [a motor
 vehicle.] [a horse.] [a cow.] [a pig.] [a kind of
 livestock.] [a commercially farmed animal.] [an
 aquaculture species raised at a permitted

[Page A-56]

*1234
 aquaculture facility.] [a fire extinguisher.] [2000 or
 more pieces of fruit.] [taken from a posted
 construction site.]]
Inferences; Proof that a person presented false identification not
give if current in respect to name, address, place of employment
applicable or other material aspect in connection with the leasing of
F.S. personal property, or failed to return leased property
812.022(1) within 72 hours of the termination of the leasing
 agreement, unless satisfactorily explained, gives rise to
 an inference that the property was obtained or is now used
 with unlawful intent to commit theft.
Inferences; Proof of possession of recently stolen property, unless
give if satisfactorily explained, give rise to an inference that
applicable the person in possession of the property knew or should
F.S. have known that the property had been stolen.
812.022(2)
Definitions; "Obtains or uses" means any manner of:
give if
applicable (a) Taking or exercising control over property.
F.S.
812.012(2) (b) Making any unauthorized use, disposition, or
 transfer of property.
 (c) Obtaining property by fraud, willful
 misrepresentation of a future act, or false
 promise.
 (d) 1. Conduct previously known as stealing; larceny;
 purloining; abstracting; embezzlement;
 misapplication; misappropriation;
 conversion; or obtaining money or property
 by false pretenses, fraud, deception; or
 2. Other conduct similar in nature.
 "Endeavor" means to attempt or try.

[Page A-57]

*1235
F.S. "Property" means anything of value, and includes:
812.012(3)
 real property, including things growing on, affixed
 to and found in land;
 tangible or intangible personal property, including
 rights, privileges, interests and claims; and
 services.
F.S. "Services" means anything of value resulting from a
812.012(5) person's physical or mental labor or skill, or from the
 use, possession or presence of property, and includes:
 repairs or improvements to property;
 professional services;
 private, public or government communication,
 transportation, power, water or sanitation services;
 lodging accommodations; and
 admissions to places of exhibition or entertainment.
Note to It is error to inform the jury of a prior conviction.
Judge Therefore, do not read the allegation of prior conviction
 or send the information or indictment into the jury room.
 The historical fact of a previous conviction shall be
 determined by the judge, and shall thereby fix the degree
 of the crime. State of Florida v. Harris, 356 So.2d 315
 (Fla. 1978).
F.S. "Value" means:
812.012(9)
 The market value of the property at the time and place
 of the offense, or if that value cannot be satisfactorily
 ascertained, the cost of replacement of the property
 within a reasonable time after the offense.
 In the case of a written instrument that does not
 have a readily ascertainable market value, such as a

[Page A-58]

*1236
 check, draft or promissory note, the value is the amount
 due or collectible.
 In the case of any other instrument that creates,
 releases, discharges or otherwise affects any valuable
 legal right, privilege or obligation, the value is the
 greatest amount of economic loss that the owner of the
 instrument might reasonably suffer by virtue of the
 loss of the instrument.
 The value of a trade secret that does not have a readily
 ascertainable market value is any reasonable value
 representing the damage to the owner suffered by reason of
 losing an advantage over those who do not know of or use
 the trade secret.
 If the exact value of the property cannot be
 ascertained, you should attempt to determine a minimum
 value. If you cannot determine the minimum value, you must
 find the value is less than $300.
 Amounts of value of separate properties, involved in
 thefts committed pursuant to one scheme or course of
 conduct, whether the thefts are from the same person or
 several persons, may be totaled in determining the grade
 of the offense.

Explanation of amendments: The instruction begins on page 147 of the manual. The changes are based on 1990 amendments to F.S. 812.014(2)(c)5.

[Page A-59]

*1237
 CONTRIBUTING TO CHILD DELINQUENCY OR DEPENDENCY OR
 TO CHILD IN NEED OF SERVICES (Amended)
 F.S. 827.04(3)
 Before you can find the defendant guilty of contributing
 to a child's becoming a [delinquent child] [dependent
 child] [child in need of services] Delinquency or
 Dependency, the State must prove the following element
 beyond a reasonable doubt:
Element [(Defendant) knowingly (read act alleged from charge),
 which
 [caused]
 [tended to cause or encourage]
 [contributed to]
 (victim) [to become] [becoming] a [delinquent]
 [dependent] child [in need of services].]
 [(Defendant), by
 [act]
 [threat]
 [command]
 [persuasion]
 [induced] [endeavored to induce] (victim) to
 [perform any act]
 [follow any course of conduct]
 [live]
 so as to cause or tend to cause (victim) to
 [become a dependent child]
 [remain a dependent child]
 [become a delinquent child]
 [remain a delinquent child]
 [become a child in need of services]
 [remain a child in need of services].]

[Page A-60]

*1238
Definitions; "Child" means any person under the age of eighteen
F.S. years.
827.01(1)
Note to Prepare the definition of "delinquency," or of
Judge "dependency," or "child in need of services" based on the
 statutory definitions in effect at the time of the alleged
 offense. See F.S. 39.01.

Explanation of amendments: The instruction begins on page 163 of the manual. The changes are based on 1990 amendments to F.S. 827.04.

[Page A-61]

*1239
 WORTHLESS CHECK  OBTAINING PROPERTY (Amended)
 F.S. 832.05(4)
Note to This statute applies to a variety of orders to pay money
Judge and "commercial paper," and a variety of types of drawees
 and transactions. The charge has been framed to cover the
 most common transaction encountered in criminal
 litigation. It can be readily modified to fit other
 transactions covered by the statute.
 Before you can find the defendant guilty of (crime
 charged), the State must prove the following seven
 elements beyond a reasonable doubt:
Elements 1. (Defendant)
 [drew]
 [made]
 [uttered]
 [issued]
 [delivered]
 the check admitted in evidence as State Exhibit ____.
 2. (Defendant) did so to obtain
 [services.]
 [goods.]
 [wares.]
 [(other thing of value alleged).]
 3. The [services] [goods] [wares] [(other thing of value
 alleged)] had some monetary value.
 4. When (defendant) did so, there was not sufficient
 money on deposit in the bank to pay the check.
 5. (Defendant) knew when he wrote the check that he did
 not have was written there was not sufficient money
 on deposit with the bank.

[Page A-62]

*1240
 6. (Defendant) knew he had there was no arrangement or
 understanding with the bank for the payment of the check
 when it was presented.
 7. The check was in the amount of $150.00 or more.
Defenses; Even if you find all these elements are proved, you
give if should go on to consider the defense. You must find the
applicable defendant not guilty if you find either of the following
 two defenses to have been proved:
 1. (Name of payee) knew that (defendant's) funds and
 credit at the bank at the time the check was given
 were insufficient to pay the check; or
 2. (Name of payee) had good reason to believe that
 (defendant's) funds and credit at the bank at the
 time the check was given were insufficient to pay the
 check.
Give if When an employee of a business receives a check, the
applicable business must be regarded as knowing whatever the employee
 knows about the check.
Give if The fact that (defendant) had previously issued a
applicable worthless check to the payee did not, by itself, give
 (payee) reason to believe that (defendant)
 had insufficient funds to ensure payment of this check.

Explanation of amendment: This instruction is on pages 171-172 of manual. The underlined sentence is based on a 1988 amendment to F.S. 832.05(4)(a). Wording originally drawn by the committee was criticized in a letter from Mark F. Lewis. The committee agreed with Mr. Lewis and redrafted the paragraph based on his recommendation.

[Page A-63]

*1241
 PERJURY (Amended) (NOT IN AN OFFICIAL PROCEEDING 
 F.S. 837.012) (IN AN OFFICIAL PROCEEDING  F.S.
 837.02)
 Before you can find the defendant guilty of [Perjury Not
 in an Official Proceeding] [Perjury in an Official
 Proceeding], the State must prove the following five
 elements beyond a reasonable doubt:
Elements 1. (Defendant) took an oath or otherwise affirmed that
 [he] [she] was obligated by conscience or by law to
 speak the truth in (describe proceedings,
 official or unofficial, in which the alleged oath was
 taken).
 2. The oath or affirmation was made to (person allegedly
 administering oath), who was a (official capacity).
 3. (Defendant), while under an oath, made the statement
 (read from charge).
 4. The statement was false.
 5. (Defendant) did not believe the statement was true
 when [he] [she] made it.
Give if Knowledge of the materiality of the statement is not an
applicable element of this crime, and the defendant's mistaken belief
F.S. that [his] [her] statement was not material is not a
837.012(2) & defense to the charge.
837.02(2)
Note to Questions of the authority to administer oaths, whether
Judge F.S. the form of the oath or attestation is required or
837.011 authorized by law, the official or unofficial nature of
 the proceedings and the materiality of a statement are
 matters of law.
Give if The law requires the judge to decide if the alleged
applicable statement is material, and I have decided that it is
F.S. material. Therefore, you will not further concern yourself
837.011(3) with this issue.

[Page A-64]

*1242
Note to An instruction on recantation should be given when
Judge raised as a defense. See F.S. 837.07; Carter v. State,
 384 So.2d 1255 (Fla. 1980).

Explanation of amendment: The instruction begins on page 175 of the manual. "F.S. 837.07" is added to the note.

[Page A-65]

*1243
 MAINTAINING A GAMBLING ESTABLISHMENT (Amended)
 F.S. 849.01-A (849.02)
Note to F.S. 849.01 covers both the maintaining of a gambling
Judge establishment and the permitting of gambling. Accordingly,
 separate instructions have been prepared for these
 offenses with the designations "A" and "B." F.S. 849.02
 proscribes the same conduct when one is acting as a
 servant, clerk, agent or employee. Therefore, the
 instructions for F.S. 849.01 may be given for charges
 under 849.02 by using appropriate language as indicated.
 Before you can find the defendant guilty of Maintaining a
 Gambling Establishment, the State must prove the following
 two elements beyond a reasonable doubt:
Elements 1. (Defendant),
 a. [in person or by a servant, clerk or agent,]
Give 1b if b. [acting as servant, clerk, agent or employee of
applicable another,]
under F.S. had a substantial degree of control over and kept or
849.02 maintained (place or articles alleged).
 2. The [place was] [articles were] habitually kept or
 maintained for the purpose of gambling.
 A single instance or rare and isolated instances of
 placing bets or gambling would be insufficient to
 constitute the crime. But if the property was used at
 frequent intervals as a place or means for betting,
 gaming or gambling, the crime has been committed even if
 the principal use of the property is for some other lawful
 purpose.
 It is not necessary to prove that the defendant gambled,
 or received any profit from the gambling, or that [he]
 [she] wholly owned or controlled the property.

[Page A-66]

*1244
 It is not necessary to a conviction of this offense that
 there be direct and positive evidence of gambling. It is
 sufficient if implements, devices or apparatus commonly
 used by gambling houses or by gamblers are found under
 circumstances that convince you that the premises were
 kept or maintained for the purpose of gambling.
Give if A servant, clerk, agent or employee of another who keeps
applicable or maintains property for the purpose of gambling is
under F.S. equally guilty with [his] [her] employer.
849.02
Definition "Gambling" is a game of chance in which the participant
 risks money or property on the outcome with the
 expectation of gaining or losing as a result of the game.
Note to If there is evidence of the exception referred to in
Judge F.S. 849.093 and .085, an appropriate instruction should
 be given.

Explanation of amendments: This instruction is on page 199 of the manual. The addition of "and .085" is to ensure that F.S. 849.085 is not overlooked.

[Page A-67]

*1245
 DRUG ABUSE  USE OR POSSESSION OF DRUG PARAPHERNALIA
 (Amended)
 F.S. 893.147(1)
 Before you can find the defendant guilty of Use or
 Possession of Drug Paraphernalia, the State must prove the
 following two elements beyond a reasonable doubt:
Elements 1. (Defendant) used or had in [his] [her] possession
 with intent to use drug paraphernalia.
 2. (Defendant) had knowledge of the presence of the drug
 paraphernalia.
Definitions
Possession To "possess" means to have personal charge of or exercise
 the right of ownership, management or control over the
 thing possessed.
 Possession may be actual or constructive. If a thing is
 in the hand of or on the person, or in a bag or container
 in the hand of or on the person, or is so close as to be
 within ready reach and is under the control of the person,
 it is in the actual possession of that person.
 If a thing is in a place over which the person has
 control or in which the person has hidden or concealed it,
 it is in the constructive possession of that person.
 Possession may be joint, that is, two or more persons
 may jointly have possession of an article, exercising
 control over it. In that case, each of those persons is
 considered to be in possession of that article.
 If a person has exclusive possession of a thing,
 knowledge of its presence may be inferred or assumed.
 If a person does not have exclusive possession of a
 thing, knowledge of its presence may not be inferred or
 assumed.

[Page A-68]

*1246
Drug The term "drug paraphernalia" means all equipment,
Paraphernalia products, and materials of any kind which are used,
F.S. 893.145 intended for use, or designed for use in planting,
 propagating, cultivating, growing, harvesting,
 manufacturing, compounding, converting, producing,
 processing, preparing, testing, analyzing, packaging,
 repackaging, storing, containing, concealing, injecting,
 ingesting, inhaling, or otherwise introducing into
 the human body a controlled substance in violation of
 this chapter. It includes, but is not limited to:
Give specific (1) Kits used, intended for use, or designed for use in
definition as planting, propagating, cultivating, growing, or harvesting
applicable of any species of plant which is a controlled substance or
 from which a controlled substance can be derived.
 (2) Kits used, intended for use, or designed for use in
 manufacturing, compounding, converting, producing, processing,
 or preparing controlled substances.
 (3) Isomerization devices used, intended for use, or
 designed for use in increasing the potency of any species
 of plant which is a controlled substance.
 (4) Testing equipment used, intended for use, or
 designed for use in identifying, or in analyzing the
 strength, effectiveness, or purity of, controlled
 substances.
 (5) Scales and balances used, intended for use, or
 designed for use in weighing or measuring controlled
 substances.
 (6) Diluents and adulterants, such as quinine
 hydrochloride, mannitol, mannite, dextrose, and lactose
 used, intended for use, or designed for use in cutting
 controlled substances.
 (7) Separation gins and sifters used, intended for use,
 or designed for use in removing twigs and seeds from, or
 in otherwise cleaning or refining, cannabis.

[Page A-69]

*1247
 (8) Blenders, bowls, containers, spoons, and mixing
 devices used, intended for use, or designed for use in
 compounding controlled substances.
 (9) Capsules, balloons, envelopes, and other containers
 used, intended for use, or designed for use in packaging
 small quantities of controlled substances.
 (10) Containers and other objects used, intended for
 use, or designed for use in storing or concealing
 controlled substances.
 (11) Hypodermic syringes, needles, and other objects
 used, intended for use, or designed for use in
 parenterally injecting controlled substances into the
 human body.
 (12) Objects used, intended for use, or designed for
 use in ingesting, inhaling, or otherwise introducing
 cannabis, cocaine, hashish, or hashish oil into the
 human body, such as:
 (a) Metal, wooden, acrylic, glass, stone, plastic, or
 ceramic pipes with or without screens, permanent screens,
 hashish heads, or punctured metal bowls.
 (b) Water pipes.
 (c) Carburetion tubes and devices.
 (d) Smoking and carburetion masks.
 (e) Roach clips: meaning objects used to hold burning
 material, such as a cannabis cigarette, that has become
 too small or too short to be held in the hand.
 (f) Miniature cocaine spoons, and cocaine vials.
 (g) Chamber pipes.
 (h) Carburetor pipes.
 (i) Electric pipes.

[Page A-70]

*1248
 (j) Air-driven pipes.
 (k) Chillums.
 (l) Bongs.
 (m) Ice pipes or chillers.
Relevant In addition to all other logically relevant factors, the
factors F.S. following factors shall be considered in determining whether
893.146 an object is drug paraphernalia:
 (1) Statements by an owner or by anyone in control of
 the object concerning its use.
 (2) The proximity of the object, in time and space, to a
 direct violation of this act.
 (3) The proximity of the object to controlled
 substances.
 (4) The existence of any residue of controlled
 substances on the object.
 (5) Direct or circumstantial evidence of the intent of
 an owner, or of anyone in control of the object, to
 deliver it to persons whom [he] [she] knows, or should
 reasonably know, intend to use the object to
 facilitate a violation of this act. The innocence of an owner,
 or of anyone in control of the object, as to a direct
 violation of this act shall not prevent a finding that the
 object is intended for use, or designed for use, as drug
 paraphernalia.
 (6) Instructions, oral or written, provided with the
 object concerning its use.
 (7) Descriptive materials accompanying the object which
 explain or depict its use.
 (8) Any advertising concerning its use.

[Page A-71]

*1249
 (9) The manner in which the object is displayed for
 sale.
 (10) Whether the owner, or anyone in control of the
 object, is a legitimate supplier of like or related items
 to the community, such as a licensed distributor or dealer
 of tobacco products.
 (11) Direct or circumstantial evidence of the ratio of
 sales of the object or objects to the total sales of the
 business enterprise.
 (12) The existence and scope of legitimate uses for the
 object in the community.
 (13) Expert testimony concerning its use.

Explanation of amendments: This instruction begins on page 245 of the manual. The title and paragraph (1) is revised to conform to the wording of F.S. 893.147(1).

[Page A-72]

*1250 SCHEDULE OF LESSER INCLUDED OFFENSES

 CHARGED OFFENSES CATEGORY 1 CATEGORY 2
First degree Second degree (depraved Second degree (felony)
 (premeditated) murder mind) murder  782.04(2) murder  782.04(3)
  782.04(1) Manslaughter  782.07 Third degree (felony)
 murder  782.04(4)
 Attempt
 Vehicular homicide 
 782.071
 Culpable negligence 
 784.05(2)
 Aggravated battery 
 784.045
 Aggravated assault 
 784.021
 Battery  784.03
 Assault  784.011
 [*]
First degree (felony) Second degree (depraved Attempt
 murder  782.04(1) mind)[*a] murder 
 782.04(2) Second degree 
 Manslaughter  782.07 (depraved mind)
 murder  782.04(2)
 Second degree (felony)
 murder  782.04(3)

[Page A-73]

*1251
 CHARGED OFFENSES CATEGORY 1 CATEGORY 2
 Third degree (felony)
 murder  782.04(4)
 Manslaughter  782.07
 Aggravated battery 
 784.045
 Aggravated assault 
 784.021
 Battery  784.03
 Assault  784.011
 [*b]
Second degree (depraved Manslaughter  782.07 Third degree (felony)
 mind) murder  782.04(4)
 murder  782.04(2) Attempt
 Vehicular homicide 
 782.071
 Culpable negligence 
 784.05(2)
 Aggravated battery 
 784.045
 Aggravated assault 
 784.021
 Battery  784.03
 Assault  784.011
 [*b]
Second degree (felony) None Third degree (felony)
 murder  murder  782.04(4)
 782.04(3) Attempt

[Page A-74]

*1252
 CHARGED OFFENSES CATEGORY 1 CATEGORY 2
Third degree (felony) None Attempt
 murder  782.04(4) Aggravated assault
  784.021
 Battery  784.03
 Assault  784.011
Manslaughter  782.07 None Attempt[*c]
 Aggravated assault 
 784.021
 Battery  784.03
 Assault  784.011
 Vehicular homicide 
 782.071
 Culpable negligence 
 784.05(1)[*d]
 Culpable negligence 
 784.05(2)[*d]
Assault  784.011 None Attempt
Aggravated assault  Assault  784.011 Attempt
 784.021(1)(a) Improper exhibition of
 dangerous weapons or
 firearms  790.10
 Discharging firearms
 in public  790.15
Aggravated assault  Assault  784.011 Attempt
 784.021(1)(b)

[Page A-75]

*1253
 CHARGED OFFENSES CATEGORY 1 CATEGORY 2
Battery  784.03 None Attempt
Aggravated battery  Battery  784.03 Attempt
 784.045(1)(a)
Aggravated battery  Battery  784.03 Attempt
 784.045(1)(b) Improper exhibition of
 dangerous weapons or
 firearms  790.10
 Discharging firearms
 in public  790.15
Culpable negligence  Culpable negligence  None
 784.05(2) 784.05(1)
Assault of law None Attempt
 enforcement officer  Assault  784.011[*e]
 784.07(2)
Battery of law None Attempt
 enforcement officer  Battery  784.03[*e]
 784.07(2)
Kidnapping  787.01 False imprisonment  787.02 Attempt
 Aggravated assault 
 784.021(1)(b)
 Battery  784.03(1)(a)
 Assault  784.011

[Page A-76]

*1254
 CHARGED OFFENSES CATEGORY 1 CATEGORY 2
False imprisonment  None Attempt
 787.02 Assault  784.011
 Battery  784.03(1)(a)
Carrying concealed None Attempt
 weapons  790.01(1)
Carrying concealed None Attempt
 firearms  790.01(2)
Carrying pistol or None Attempt
 repeating rifle
 without first
 obtaining license
  790.06
Persons engaged in None Attempt (may be
 criminal offense, applicable when
 having weapons concealed weapon
  790.07(1) is charged)
 Carrying concealed
 weapons  790.01(1)
 Improper exhibition
 of dangerous weapons
  790.10
Persons engaged in None Attempt (may be
 criminal offense, applicable when
 having weapons  concealed firearm
 790.07(2) is charged)
 Carrying concealed
 firearm  790.01(2)
 Improper exhibition of
 dangerous firearms
  790.10

[Page A-77]

*1255
 CHARGED OFFENSES CATEGORY 1 CATEGORY 2
Discharging firearms None Attempt
 in public  790.15
Furnishing weapons to None Attempt
 minors under 18
 years of age, etc. 
 790.17
Selling arms to minors None Attempt
 by dealers  790.18
Felons; possession of None Attempt (may be
 firearms unlawful; applicable when
 exception; penalty  concealed weapon is
 790.23 charged)
 Carrying concealed
 firearm  790.01(2)
 Carrying concealed
 weapon  790.01(1)
Sexual battery Battery  784.03 Attempt
  794.011(2) Assault  784.011
 Aggravated assault
  784.021(1)(a)
 Aggravated battery
  784.045(1)(a)
Sexual battery Battery  784.03 Attempt
  794.011(3) Aggravated battery
  784.045(1)(a)
 Aggravated assault
  784.021(1)(a)
 Assault  784.011
 Sexual battery
  794.011(4)
 Sexual battery
  794.011(5)

[Page A-78]

*1256
 CHARGED OFFENSES CATEGORY 1 CATEGORY 2
Sexual battery  Battery  784.03 Attempt
 794.011(4) Aggravated assault 
 784.021(1)(a)
 Assault  784.011
 Sexual battery 
 794.011(5)
Sexual battery  794.011(5) Battery  784.03 Attempt
 Assault  784.011
Unnatural and lascivious act  None Attempt
 800.02
Exposure of sexual organs  None Unnatural and
 800.03 lascivious act 
 800.02
Lewd, lascivious, or indecent None Attempt
 assault or act upon or in Assault  784.011
 presence of child  800.04 Battery  784.03
 Unnatural and
 lascivious act 
 800.02
Arson  806.01(1) None Arson 806.01(2) Arson  806.01(2)[*f]
 Criminal mischief  Attempt
 806.13(1)(b)1 Criminal mischief 
 806.13(1)(b)2
 Criminal mischief 
 806.13(1)(b)3
 Criminal mischief 
 806.13(2)
Criminal mischief  None Attempt
 806.13(1)(b)1

[Page A-79]

*1257
 CHARGED OFFENSES CATEGORY 1 CATEGORY 2
Criminal mischief  Criminal mischief  Attempt
 806.13(1)(b)2 806.13(1)(b)1
Criminal mischief  Criminal mischief  Attempt
 806.13(1)(b)3 806.13(1)(b)1
 Criminal mischief 
 806.13(1)(b)2
Burglary with assault or Burglary  810.02(3) Attempt
 battery or while armed  Burglary of dwelling
 810.02(2) or with human
 being inside 
 810.02(3)
 Trespass 
 810.08(2)(a)
 Trespass 
 810.08(2)(c)
Burglary of dwelling or with Burglary  810.02(3) Attempt
 human being inside  Trespass 
 810.02(3) 810.08(2)(a)
 Trespass 
 810.08(2)(b)
Burglary  810.02(3) None Attempt
 Trespass 
 810.08(2)(a)
Possession of burglary tools  None None
 810.06
Trespass in structure or None Attempt (except
 conveyance  810.08 refuse to depart)
Trespass on property other than None Attempt
 structure or conveyance 
 810.09

[Page A-80]

*1258
 CHARGED OFFENSES CATEGORY 1 CATEGORY 2
Grand theft  first degree None Grand theft  second
 812.014(2)(a) degree
 812.014(2)(b)
 Grand theft  third
 degree
 812.014(2)(c)
 Petit theft 
 812.014(2)(c)
 Cf. Gilford v. State,
 313 So.2d 729 (Fla.
 1975)
 Trade secrets 
 812.081
Grand theft  second degree None If value is alleged
 812.014(2)(b) Grand theft  third
 degree
 812.014(2)(c)
 Petit theft 
 812.014(2)(d)
 Trade secrets 
 812.081
Grand theft  third degree None If value is alleged
 812.014(2)(c) Petit theft 
 812.014(2)(d)
 Trade secrets 
 812.081
Petit theft  812.014(2)(d) None No attempt  endeavor
 is included within
 definition of theft
Possession of altered property  None Attempt
 812.016
Dealing in stolen property  None None
 trafficking  812.019(1)

[Page A-81]

*1259
 CHARGED OFFENSES CATEGORY 1 CATEGORY 2
Dealing in stolen property  812.019(1) Attempt
 managing and trafficking 
 812.019(2)
Robbery with a firearm or deadly Robbery with a Attempt
 weapon  812.13(2)(a) weapon  Grand theft 1st
 812.13(2)(b) degree 
 812.013(2)(a)
 Robbery  Grand theft 2d degree
 812.13(2)(c)  812.014(2)(b)
 Petit theft  Grand theft 3d degree
 812.014(2)(d)  812.014(2)(c)
 Battery  784.03
 Aggravated battery 
 784.045
 Assault  784.011
 Aggravated assault
  784.021
 Extortion  836.05
 See Davis v. State,
 277 So.2d 300 (Fla.
 2d DCA 1973)
Robbery with a weapon Robbery  Attempt
  812.13(2)(b) 812.13(2)(c)
 Petit theft  Grand theft 1st degree
 812.014(2)(d)  812.014(2)(a)
 Grand theft 2d degree
  812.014(2)(b)
 Grand theft 3d degree
  812.014(2)(c)
 Battery  784.03
 Aggravated battery
  784.045
 Assault  784.011[*g]

[Page A-82]

*1260
 CHARGED OFFENSES CATEGORY 1 CATEGORY 2
 Aggravated assault
  784.021
 Extortion  836.05
 See Davis v. State,
 277 So.2d 300 (Fla.
 2d DCA 1973)
Robbery  812.13(2)(c) Petit theft Attempt
  812.014(2)(d) Grand theft 1st
 degree 
 812.014(2)(a)
 Grand theft 2d degree
  812.014(2)(b)
 Grand theft 3d degree
  812.014(2)(c)
 Battery  784.03
 Assault  784.011
 Aggravated assault
  784.021
 Extortion  836.05
 See Davis v. State,
 277 So.2d 300 (Fla.
 2d DCA 1973)
Child abuse  827.04(1) Child abuse Attempt, if willfully
  827.04(2) Negligent treatment
 of child  827.05
Child abuse  827.04(2) None Attempt, if willfully
 Negligent treatment of
 child  827.05
Forgery  831.01 None Attempt
Uttering forged instrument None No attempt  King v.
  831.02 State, 317 So.2d 852
 (Fla. 1st DCA 1975

[Page A-83]

*1261
 CHARGED OFFENSES CATEGORY 1 CATEGORY 2
Stopping payment; purchase of None Attempt, except when
 farm or grove products uttering is
  832.04 charged  832.04
 under $50
Stopping payment with intent None Attempt, except when
 to defraud  832.041 uttering is
 charged; 832.04 if
 farm or grove
 product; 832.041
 under $50
 Worthless check
  832.05(2) (second
 degree misdemeanor)
Worthless checks  832.05(2) None Attempt, except when
 uttering is charged
Obtaining property by Worthless check Attempt, except when
 worthless  832.05(2) uttering is charged
 checks  832.05(4) (second degree
 misdemeanor)
Perjury not in official None None
 proceeding  837.012
Perjury if official proceeding None None
  837.02
Perjury by contradictory None None
 statements  837.021
False reports to law None None
 enforcement authorities 
 837.05
False official statements None None
  837.06

[Page A-84]

*1262
 CHARGED OFFENSES CATEGORY 1 CATEGORY 2
Bribery  838.015 None Attempt if only give
 or accept is
 charged
Unlawful compensation for None Attempt if only give
 official behavior  838.016 or accept is
 charged
Corruption by threat against None Attempt if only harm
 public servant  838.021 is charged
Bribery in athletic contests None Attempt only if give
  838.12(1) is charged
Bribery in athletic contests None Attempt only if
  838.12(2) accept is charged
Keeping gambling house  849.01 None Lottery 
 849.09(1)(f)
 Lottery 
 849.09(1)(k)
 Lottery  849.11
Agents, servants, etc., of None Lottery 
 keeper of gambling house 849.09(1)(f)
  849.02
Renting house for gambling None Lottery 
 purposes  849.02 849.09(1)(k)
 None
Permitting minors and persons None Permitting gambling
 under guardianship to gamble and billiard or
  849.04 pool table by holder
 of license  849.07
 Playing at games of
 chance by lot 
 849.11

[Page A-85]

*1263
 CHARGED OFFENSES CATEGORY 1 CATEGORY 2
Gambling  849.08 None None
Lottery  849.09(1)(a) None Attempt
 Lottery 
 849.09(1)(f)
 Lottery 
 849.09(1)(g)
 Lottery 
 849.09(1)(h)
 Lottery 
 849.09(1)(i)
 Lottery 
 849.09(1)(j)
 Lottery 
 849.09(1)(k)
 Playing at game of
 chance by lot 
 849.11
 Gambling devices,
 etc.  849.231
Lottery  849.09(1)(b) None Attempt
 Lottery 
 849.09(1)(f)
 Lottery 
 849.09(1)(g)
 Lottery 
 849.09(1)(h)
 Lottery 
 849.09(1)(i)
 Lottery 
 849.09(1)(j)
 Lottery 
 849.09(1)(k)
 Gambling devices,
 etc.  849.231
Lottery  849.09(1)(c) None Attempt
 Lottery 
 849.09(1)(f)
 Lottery 
 849.09(1)(g)

[Page A-86]

*1264
 CHARGED OFFENSES CATEGORY 1 CATEGORY 2
 Lottery 
 849.09(1)(h)
 Lottery 
 849.09(1)(i)
 Lottery 
 849.09(1)(j)
 Lottery 
 849.09(1)(k)
 Gambling devices,
 etc.  849.231
Lottery  849.09(1)(d) None Attempt
 Lottery 
 849.09(1)(f)
 Lottery 
 849.09(1)(g)
 Lottery 
 849.09(1)(h)
 Lottery 
 849.09(1)(i)
 Lottery 
 849.09(1)(j)
 Lottery 
 849.09(1)(k)
 Playing at game of
 chance by lot 
 849.11
 Gambling devices,
 etc.  849.231
Lottery  849.09(1)(g) None Attempt
Lottery  849.09(1)(h) None Attempt
Lottery  849.09(1)(k) None Attempt
Bookmaking on grounds of None Attempt
 permit-holder  550.361
 (adapted from former 849.24)
Bookmaking  849.25(1) and (2) None Attempt

[Page A-87]

*1265
 CHARGED OFFENSES CATEGORY 1 CATEGORY 2
Bookmaking 849.25(3) Bookmaking 849.25(2) Attempt
 Bookmaking on grounds
 of permit
 holder 550.361
Driving under the influence None Attempt
  316.193(1)
DUI with damage to property or DUI  316.193(1) None
 person  316.193(3)(c)1
DUI with serious bodily injury DUI  316.193(1) DUI  316.193(3)(c)1
  316.193(3)(c)2
DUI manslaughter DUI  316.193(1) Vehicular homicide 
  316.193(3)(c)3 782.071
 DUI  316.193(3)(c)2
 DUI  316.193(3)(c)1
Sale, manufacture, delivery or None Attempt, except when
 possession with intent to delivery is
 sell, manufacture or deliver charged;
 controlled substance 893.13(1)(g) if
  893.13(1)(a) possession or
 delivery of
 cannabis charged
 893.13(1)(f) if
 possession is
 charged[*h]

[Page A-88]

*1266
 CHARGED OFFENSES CATEGORY 1 CATEGORY 2
Sale, delivery or possession None Attempt, except when
 of more than 10 grams of delivery is charged
 controlled substance 893.13(1)(a)
  893.13(1)(b) 893.13(1)(f) if
 possession is
 charged
Delivery of controlled None 893.13(1)(a)
 substance to person under 893.13(1)(g) if
 18 years old  893.13(1)(c) cannabis charged
Bringing controlled substance None Attempt
 into state  893.13(1)(d) 893.13(1)(f)
 893.13(1)(g) if
 cannabis charged
Possession of controlled None Attempt 893.13(1)(g)
 substance  893.13(1)(f) if cannabis
 charged
Offense of possession or None Attempt, except when
 delivery of not more than delivery is charged
 20 grams of cannabis 
 893.13(1)(g)
Obtaining controlled None
 substances by fraud 
 893.13(3)(a)1
Sale, purchase, etc., near None Sale, purchase,
 public school  893.13(1)(e) manufacture, etc.,
 893.13(1)-(4)
Possession of drug None Attempt
 paraphernalia
  893.147(1)

[Page A-89]

*1267
 CHARGED OFFENSES CATEGORY 1 CATEGORY 2
Delivery, possession with None Attempt, except when
 intent to deliver, or delivery is charged
 manufacture with intent
 to deliver drug
 paraphernalia  893.147(2)
Delivery of drug paraphernalia None None
 to a minor  893.147(3)
Trafficking in cannabis None Attempt, except when
  893.135(1)(a) delivery is charged
 893.13(1)(a) if sale,
 manufacture or
 delivery is charged
 Bringing cannabis
 into state 
 893.13(1)(d)
 Possession of
 cannabis 
 893.13(1)(f)
 Possession or
 delivery of
 cannabis 
 893.13(1)(g)
Trafficking in cocaine  None Attempt, except when
 893.135(1)(b) delivery is charged
 893.13(1)(a) if sale,
 manufacture or
 delivery is charged
 Bringing cocaine into
 state 
 893.13(1)(d)
 Possession of cocaine
  893.13(1)(f)

[Page A-90]

*1268
 CHARGED OFFENSES CATEGORY 1 CATEGORY 2
Trafficking in illegal drugs None Attempt, except when
  893.135(1)(c) delivery is charged
 893.13(1)(a) if sale,
 manufacture or
 delivery is charged
 Bringing same illegal
 drug as charged
 into state 
 893.13(1)(d)
 Possession of same
 illegal drug 
 893.13(1)(f)
Trafficking in phencyclidine None Attempt, except when
  893.135(1)(d) delivery is charged
 893.13(1)(a) if sale,
 manufacture or
 delivery is charged
 Bringing
 phencyclidine into
 state 
 893.13(1)(d)
 Possession of
 phencyclidine 
 893.13(1)(f)
Trafficking in methaqualone None Attempt, except when
  893.135(1)(d) delivery is charged
 893.13(1)(a) if sale,
 manufacture or
 delivery is charged
 Bringing methaqualone
 into state 
 893.13(1)(d)
 Possession of
 methaqualone 
 893.13(1)(f)

[Page A-91]

*1269
 CHARGED OFFENSES CATEGORY 1 CATEGORY 2
Contraband  951.22 None The nature of the
 contraband may give
 rise to misdemeanor,
 lesser included
 offenses. See
 Cooper v. State,
 512 So.2d 1071 (Fla.
 1st DCA 1987);
 Moore v. State,
 512 So.2d 1149 (Fla.
 1st DCA 1987).

Explanation of amendments: The committee has not reviewed the Schedule in detail. The changes, therefore, do not necessarily fully update it. Only matters specifically brought to the committee's attention are addressed above.

[Page A-92]
NOTES
[*] But see Martin v. State, 342 So.2d 501 (Fla. 1977); Drotar v. State, 433 So.2d 1005 (Fla. 3d DCA 1983), holding that nonhomicide lessers should not be given when the only issue is whether the death was a lawful or unlawful homicide, but should be given if there is an issue of causation, i.e., whether death was caused by defendant's act or some other unconnected cause. When a nonhomicide offense is a necessarily lesser included offense of the homicide offense, an instruction on the lesser may be necessary. See certified question in Barritt v. State, 517 So.2d 65 (Fla. 1st DCA 1987), rev'd, 531 So.2d 338 (Fla. 1988).
[*a] See Scurry v. State, 521 So.2d 1077 (Fla. 1988).
[*b] But see Martin v. State, 342 So.2d 501 (Fla. 1977).
[*c] But see Smith v. State, 330 So.2d 526 (Fla. 4th DCA 1976), and Murray v. State, 328 So.2d 501 (Fla. 4th DCA 1976).
[*d] See Taylor v. State, 444 So.2d 931 (Fla. 1984).
[*e] Rotenberry v. State, 468 So.2d 971 (Fla. 1985)
[*f] See Higgins v. State, 565 So.2d 698 (Fla. 1990).
[*g] But see Richardson v. State, 523 So.2d 746 (Fla. 5th DCA 1988); Sands v. State, 542 So.2d 436 (Fla. 2d DCA 1989).
[*h] Provided that charged offense is a second degree felony under section 893.13(1)(a)1.